UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61488-CV-SMITH
MAGISTRATE JUDGE REID

JOE ANTHONY MOORE,

       Petitioner,

v.

MARK INCH,

       Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner Joe Anthony Moore has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking the lawfulness of his judgment of conviction in Case No. 11016248CF10A in the Seventeenth Judicial Circuit of Florida, Broward County. [ECF No. 1]. As discussed below, the Petition should be **DISMISSED** as untimely.

### I.   Relevant Background

Following a jury trial, on January 2, 2014, Petitioner was convicted of several counts of sexual battery (familial custodial authority). [ECF No. 1 at 1]. The Fourth District Court of Appeals ("Fourth District") affirmed on December 23, 2015. *See Moore v. State*, 182 So. 3d 657 (Fla. 4th DCA 2015). Petitioner did not seek review in the Florida Supreme Court or U.S. Supreme Court. [ECF No. 1 at 2-3].

On January 23, 2017, Petitioner filed a petition for writ of habeas corpus in the Fourth District alleging ineffective assistance of appellate counsel. [*Id.* at 3]. The Fourth District disposed of the petition on April 19, 2017. [*Id.*]

On January 18, 2018, Petitioner filed a postconviction motion under Florida Rule of Criminal Procedure 3.850. [ECF No. 5 at 1-2]. The trial court denied this motion. *See* [ECF No. 1 at 4]. The Fourth District affirmed, issuing its mandate on February 21, 2020. [ECF No. 5 at 3, 5].

Petitioner filed this § 2254 Petition on July 14, 2020. [ECF No. 1 at 1]. The Petition was filed more than one year after his conviction became final, but Petitioner contends that he is entitled to equitable tolling primarily due to health problems. [*Id.* at 16-17].

## II.     Standard for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . , the judge must dismiss the petition." "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (citation omitted)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that petitioner is 'not entitled to relief.'" *Paez*, 947 F.3d at 654. In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (*per curiam*) (citation omitted).

## III.    Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The year commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Under this clause, "the judgment becomes

final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). "[A] petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the [U.S. Supreme Court] within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13(1).

Here, the Fourth District affirmed Petitioner's conviction on December 23, 2015, and he did not seek further direct review. Thus, his conviction became final under § 2244(d)(1)(A) ninety days later, on **March 22, 2016**. *See Gonzalez*, 565 U.S. at 150; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (*per curiam*).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). "[A]n application remains pending until it 'has achieved final resolution through the State's post-conviction procedures.'" *Hernandez-Alberto v. Sec'y, Fla. Dep't of Corr.*, 840 F.3d 1360, 1364 (11th Cir. 2016) (*per curiam*) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). This rule includes "those intervals between one state court's judgment and the filing of an appeal with a higher state court." *Matos v. Sec'y, Fla. Dep't of Corr.*, 603 F. App'x 763, 766 (11th Cir. 2015) (*per curiam*) (citing *Carey*, 536 U.S. at 219-20).

Here, Petitioner waited to file his state habeas petition alleging appellate ineffectiveness in the Fourth District until January 23, 2017. This resulted in **307 days** (March 22, 2016 to January 23, 2017) of untolled statutory time. The Fourth District disposed of the petition on April 19, 2017.

Next, on January 18, 2018, Petitioner filed his 3.850 motion. This results in **274 days** (April 19, 2017 to January 18, 2018) of additional untolled statutory time. The statute of limitations was

tolled until February 21, 2020, when the Fourth District affirmed the trial court's denial of his 3.850 motion.

After that, on July 14, 2020, Petitioner filed this § 2254 Petition. [ECF No. 1]. This resulted in **144 more days** of untolled statutory time (February 21, 2020 to July 14, 2020). In total, Petitioner had **725 days (307 + 274 + 144)** of untolled statutory time. Hence, absent equitable tolling, his Petition is untimely.

However, § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (collecting cases). Equitable tolling is proper only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*) (citation omitted); *cf. McFarland*, 512 U.S. at 856 ("petitions must meet heightened pleading requirements . . . ." (citing R. 2(c), Rules Governing § 2254 Cases)).

Although medical conditions may sometimes support a claim for equitable tolling, Petitioner must show "that his medical conditions were sufficiently debilitating to constitute 'extraordinary circumstances' justifying equitable tolling and [] that he exercised enough diligence in pursuing his § 2254 petition during the limitation period." *Lang v. Alabama*, 179 F. App'x 650, 652 (11th Cir. 2006) (*per curiam*).

Here, Petitioner has not adequately alleged that he is entitled to equitable tolling. Although he alleges that he had a stroke in August 17, 2014 and was hospitalized for two months. [ECF No. 1 at 16]. However, his judgment of conviction did not become final until March 22, 2016, nearly two years later.

Petitioner also alleges that, after his stroke, he lost mobility and feeling on the right side of his body and was confined to a wheelchair as a result. [*Id.* at 17]. He also alleges that he had eye surgery on July 5, 2016, which left him "unable to read or write for about a month." [*Id.* at 16]. He adds that, during an unspecified time period, he had to make multiple trips to "the Regional Medical Center . . . at Lake Butler Florida." [*Id.* at 17].

While these medical conditions are unfortunate, Petitoner's allegations are too sparse and vague to justify equitable tolling. Aside from his inability to read and write for a 30-day period, Petitioner has not explained how these medical conditions prevented him from filing his habeas petition alleging appellate ineffectiveness or his 3.850 motion sooner. Nor has he alleged what efforts, if any, he made to ensure that these motions were filed sooner despite his medical conditions. *See McBee v. Warden*, 671 F. App'x 763, 764 (11th Cir. 2016) (*per curiam*) (to show due diligence, the prisoner must, at a minimum, show that he took steps "to ensure that his petition was timely filed" (citation omitted)).

Therefore, with the exception of the 30-day period, Petitioner has not shown that he is entitled to any equitable tolling from March 22, 2016 to January 23, 2017 (date on which he filed his petition alleging appellate ineffectiveness). As discussed above, this period resulted in **307 days** of untolled statutory time.

Petitioner filed his 3.850 motion on January 18, 2018, which resulted in an additional **274 days** of untolled statutory time. This is because the Fourth District denied his petition alleging appellate ineffectiveness on April 19, 2017. However, apart from the vague allegations discussed above, he provides no allegations regarding what, if any, medical conditions he might have experienced in this 274-day period. *See* [ECF No. 1 at 17]. Rather, his vague narrative--which he does not support with any documentation--does not pick up again until June 27, 2018. [*Id.*] At that

5

time, he alleges that he began to suffer chest pains that portended a heart attack on June 2, 2019. [*Id.*] However, he had accumulated well over 365 days of untolled statutory time **(307 + 274 = 581 days)** by the time he filed his 3.850 motion on January 18, 2018, even if the Court excluded the 30-day period during which he could not read or write. Thus, even if he were entitled to equitable tolling for the period after June 27, 2018, it would be insufficient to excuse the untimeliness of the Petition.[1] *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (postconviction motions filed after expiration of statute of limitations do not count toward statutory tolling (citation omitted)). In sum, the Petition is time-barred.[2]

## IV. Evidentiary Hearing

Section 2244 "does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292 (11th Cir. 2002) (citations omitted).

Here, an evidentiary hearing is not warranted. The Petition is untimely and Petitioner's vague allegations do not suggest that he would be able to develop facts sufficient to overcome the time bar at such a hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record . . . otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

---

[1] This is not to suggest that the undersigned considers Petitioner's remaining allegations sufficiently substantial to warrant equitable tolling; they are similarly vague.

[2] "If the district court considers the timeliness of the [§ 2254] petition sua sponte, it must give the [petitioner] 'fair notice and an opportunity to present [his] position[].'" *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 623 (11th Cir. 2015) (*per curiam*) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)). This Report serves as fair notice. *See Paez*, 947 F.3d at 655. Furthermore, the opportunity to object to this Report, coupled with the space on the § 2254 form to address timeliness, constitutes a fair opportunity to respond. *See id.*; *see also Manzini v. The Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (*per curiam*).

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a certificate of appealability should be denied. If Petitioner disagrees, he may so argue in any objections filed with the District Court.

## VI.    Recommendations

As discussed above, it is recommended that Petitioner's § 2254 Petition [ECF No. 1] be **DISMISSED** as untimely. It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo*

determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

    **SIGNED** this 20th day of October, 2020.

                                                     UNITED STATES MAGISTRATE JUDGE

cc:     **Joe Anthony Moore**
        055803
        Columbia Correctional Institution
        Inmate Mail/Parcels
        216 SE Corrections Way
        Lake City, FL 32025
        *PRO SE*

        Noticing 2254 SAG Broward and North
        Email: CrimAppWPB@MyFloridaLegal.com