UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61488-CIV-SMITH/REID

JOE ANTHONY MOORE,

    Plaintiff,

vs.

MARK INCH,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

This matter came before the Court upon the Report of Magistrate Judge [DE 6] (the "Report"), in which Magistrate Judge Lissette Reid recommends dismissing Petitioner's § 2254 Petition [DE 1] as untimely. No objections have been filed to the Report. Instead, Petitioner has filed three different motions, seeking extensions of time to file his objections. Petitioner's first motion [DE 7] sought an additional forty-five (45) days to obtain his outstanding medical records and file his objections. On November 6, 2020, the Court granted the extension and Petitioner's objections were due on December 21, 2020. (*See* DE 8.) On December 22, 2020, Petitioner filed a second motion for an extension of time, seeking an additional forty (40) days to obtain his medical records and file his objections. (*See* DE 9.) On February 26, 2021, a third motion for extension of time was filed, seeking until May 23, 2021 for Petitioner to obtain his medical records and file his objections. (*See* DE 10.)

Despite granting Petitioner his first request for an extension, the Court will not grant any additional time. Even if Petitioner obtained his medical records, the undersigned is not required to consider this evidence and any new arguments which were not presented to the Magistrate Judge; the Court may exercise its discretion in determining whether to consider the evidence and any newly raised arguments. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[t]o

require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.") (citation omitted). Because the medical records were not properly presented before Magistrate Judge Reid, the undersigned would decline to consider them now. Further, the undersigned is unsure how Petitioner's medical records would support his objections. Magistrate Judge Reid's recommendation does not stem from a lack of medical records. In fact, a review of the Report reveals that Magistrate Judge Reid did in fact consider Petitioner's medical ailments. Nonetheless, the Report concludes that the Petition is still time-barred because Petitioner filed his Florida Rule of Criminal Procedure 3.850 postconviction motion in the state court proceeding out of time.

The Court will also decline issuance of certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Petitioner would need to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1341 (11th Cir. 2007) (citation omitted). Due to Petitioner's failure to timely object, he has not met his burden here. Thus, Petitioner's application for a COA is also denied.

Having reviewed, *de novo*, the Report and the record, and given that there are no objections, it is

**ORDERED** that:

1. The Report of Magistrate Judge [DE 6] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order;

2. The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus [DE 1] is **DISMISSED** as untimely.

3. A Certificate of Appealability is **DENIED.**

4. Petitioner's Second Motion for Time to File Objections [DE 9] and Petitioner's Third Motion for Time to File Objections [DE 10] are **DENIED.**

5. This matter is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 12th day of April 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record